UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-168-GWU

WANDA MOORE, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

08-168 Wanda Moore

           in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4.     At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5.     If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984); <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

In the Sixth Circuit, the Step 2 severity regulation has been held to be a <u>de minimis</u> hurdle in the disability determination process. <u>Murphy v. Secretary of</u>

Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

## DISCUSSION

The plaintiff, Wanda Moore, filed her application for SSI on May 23, 2006, alleging disability beginning May 1, 2004 due to asthma and allergies. (Tr. 85-9). After reviewing medical evidence and listening to the plaintiff's testimony, an Administrative Law Judge (ALJ) concluded that, while the plaintiff had medically determinable impairments due to allergies and asthma, she had no impairment or combination of impairments that was "severe," thus terminating the sequential evaluation process at Step 2 of the sequential evaluation process. (Tr. 9). The Appeals Council declined to review, and this action followed.

Mrs. Moore testified that her breathing problem prevented her from being around any pulmonary irritants, including common perfumes and chemicals, and while breathing medications worked for her as long as she was at home and "not around a lot of stuff," they were ineffective when she traveled anywhere. (Tr. 19). Her activities away from the home were so limited that she could hardly walk in and out of a grocery store. (Tr. 23). She had never learned to drive, and had only

worked briefly outside of the home 18 years prior to the February 13, 2008 hearing. (Tr. 17-18, 27).

Most of the medical evidence in the transcript consists of office notes from different sources at the Asthma and Allergy Center in Pikeville, Kentucky, where Mrs. Moore initially sought treatment in November, 2004. (Tr. 185). She described having allergy symptoms all year, with seasonal exacerbations, despite being on medication, and was using a breathing medication which she felt was not helping her. (Tr. 186). She continued to smoke, however. (Id.). A pulmonary function test showed an FEV1 reading of 79 percent, improving to 89 percent after the administration of bronchodilators. (Tr. 189). This was interpreted as representing a moderate obstruction with reversibility. A chest x-ray showed no acute findings and a CT scan of the sinuses was essentially negative. (Id.). New breathing medications were prescribed and the plaintiff was advised not to be around cigarette smoke. (Tr. 189-90). On subsequent visits, the plaintiff's condition was generally improved, with her pulmonary function tests showing either mild restrictions or obstruction or completely normal. (E.g., Tr. 143, 156, 163, 166, 170, 173, 180, 183). This was despite the fact that she continued to smoke until only two months before the hearing. (Tr. 19).

Treating sources did not give any indication of functional restrictions. Two state agency physicians, Dr. Timothy Gregg and Dr. John Rawlings, reviewed the evidence in 2006 and agreed that the medical records showed a history of reactive

airway disease, and treatment for allergic asthma, but there was no evidence that the plaintiff would meet one of the Commissioner's Listings or even of a "severe" impairment.  (Tr. 210-11).  These uncontradicted opinions provide substantial evidence to support the administrative decision.

The plaintiff suggests on appeal that medical evidence submitted subsequent to the most recent state agency review undermines the conclusions of Drs. Gregg and Rawlings, and that the ALJ was impermissibly serving as his own medical expert in interpreting the evidence.  The new evidence consists of only two treatment notes.  One is an emergency room record from Paul B. Hall Hospital on January 26, 2007, when the plaintiff sought treatment for body aches, shortness of breath, tightness in her chest, cough, and a sore throat.  (Tr. 194).  She had been out of her asthma medications.  An examination showed decreased breath sounds, but a chest x-ray was normal, and she was assessed as having only an upper respiratory infection and asthmatic bronchitis.  (Tr. 195, 197).  Mrs. Moore was discharged home in improved condition without evidence of even any temporary functional limitations.  (Tr. 201).  The other piece of new evidence is an office note from Dr. Scott B. Arnett dated July 2, 2007, when Mrs. Moore was complaining of a rash on both arms and legs as well as her trunk which had been present for four days, and a history of asthma for which she was out of medication.  (Tr. 212).  Dr. Arnett's notes appear to indicate that the plaintiff had 98 percent on pulmonary function testing, although it is not clear.  (Tr. 213).  In any case, he diagnosed

08-168 Wanda Moore

contact dermatitis, reflux disease and asthma, and prescribed medications. (Id.). Once again, there is no indication of any functional restriction.

Consequently, the new evidence does not provide any additional information beyond what was known before the state agency sources gave their opinions. The evidence confirms that the plaintiff had asthma and had some exacerbations, but falls far short of providing proof that the problem would be more than a slight abnormality which minimally affected her ability to perform work activities.

The decision will be affirmed.

This the 10th day of June, 2009.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**